[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10620
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-00233-ODE-RGV-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON MARCUS COLEMAN,
a.k.a. Wu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 21, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Vernon Coleman appeals his sentence of 87 months of imprisonment for conspiring to distribute five kilograms or more of cocaine. 21 U.S.C. § 846. Coleman argues that his sentence is unreasonable. We affirm.

Coleman's sentence is procedurally and substantively reasonable. Coleman facilitated the sale of more than 150 kilograms of cocaine by the Black Mafia Family to a drug dealer in Birmingham, Alabama. After Coleman learned that he had been indicted, he assumed a false identity and evaded arrest for at least two years. Although the district court was "not too sure that [it] agree[d] with" the arrangement between the United States and Coleman to award him an adjustment for a minor role in the conspiracy based on his background as described in the presentence investigation report, the district court reduced Coleman's offense level and then correctly calculated Coleman's advisory guideline range of 70 to 87 months of imprisonment. The district court reasonably determined that a sentence at the high end of the guideline range "appropriately reflect[ed] the seriousness of [Coleman's] criminal conduct," and took "into account the very large amount of drug distribution that [he] was involved in, his obvious knowledge of the very widespread nature of the drug conspiracy," and the "huge amounts of drugs [that] were being distributed by [the] group." Coleman argues that there is an unwarranted disparity between his sentence of 87 months of imprisonment and the

2

64-month sentence that the district court imposed on his codefendant, Barima McKnight, but the two men were not similarly situated, <u>see</u> <u>United States v. Spoerke</u>, 568 F.3d 1236, 1252 (11th Cir. 2009). In contrast to Coleman's role as a facilitator and intermediary between distributors of large amounts of cocaine, McKnight loaded and unloaded cocaine and money and counted money. The district court did not abuse its discretion.

We **AFFIRM** Coleman's sentence.